### UNITED STATES DISTRICT COURT FOR THE
### DISTRICT OF NEW HAMPSHIRE

Donald C. Beatty

    v.                                                         Civil No. 07-cv-395-JM

Richard Gerry, Warden,
New Hampshire State Prison for Men

### O R D E R

Before the Court is Donald Beatty's petition for a writ of habeas corpus (document no. 1), filed pursuant to 28 U.S.C. § 2254. The matter is before me for preliminary review to determine whether or not the claims raised in the petition are facially valid and may proceed. See Rule 4 of the Rules Governing Section 2254 cases in the United States District Courts ("§ 2254 Rules").

Background

Donald Beatty is an inmate at the New Hampshire State Prison. In 1999, Beatty plead guilty to, and was sentenced to prison terms for, attempted felonious sexual assault, escape, receiving stolen property, and burglary offenses. Beatty first became eligible for parole on February 15, 2006.

Beatty's initial parole hearing was held on January 26,

2006.  After the hearing, the parole board conditionally approved Beatty's request for parole, effective February 15, 2006.  The document notifying Beatty that his application for parole had been approved set out conditions to be imposed on Beatty during his release on parole and also stated: "If you are approved for parole and receive a disciplinary before release, you will have a reconsideration hearing and your release may be delayed or rescinded."  Pursuant to the administrative regulations governing grants of parole, Beatty's parole plan was then forwarded to a parole officer to be investigated prior to final approval.

On February 13, 2006, Probation and Parole Officer Jason Smith notified the parole board that the parole plan submitted by Beatty included an unacceptable place of residence, due to its proximity to children, a playground, and a school in the area.  As a result, the parole plan was rejected and Beatty was not released on parole.

On October 7, 2006, a disciplinary report was filed against Beatty for allegedly exposing himself in the prison cafeteria.  Due to being improperly processed, the disciplinary report was not prosecuted, and instead was placed on file without a guilty finding.  Beatty was told that the report would not affect him

adversely.  Beatty received no other disciplinary reports in 2006.

Based upon the disciplinary report that had been filed without a finding, the parole board held a reconsideration hearing on November 9, 2006.  During the reconsideration hearing, the parole board recharacterized the hearing as a review hearing once they were advised that the disciplinary report in question had been dropped.  At the hearing, the parole board considered a memorandum and recommendation regarding the exposure incident submitted by the staff of the sexual offender program at the prison, advising that Beatty complete the prison's sexual offender relapse program prior to being released from custody.  Based on this information, the parole board rescinded it's previous grant of parole.  The parole board agreed to rehear Beatty's petition for parole after he completed the relapse program.

On October 27, 2006, Beatty filed a petition for a writ of habeas corpus in the Merrimack County Superior Court challenging the rescission of parole.  On December 26, 2006, the Court denied the petition.  Beatty filed a timely notice of appeal with the New Hampshire Supreme Court.  That Court declined the appeal on

April 2, 2007 and denied Beatty's motion for reconsideration of the declination on May 1, 2007.  This petition followed.

Beatty now claims that:

1.   The parole board improperly convened a reconsideration hearing based on a disciplinary report Beatty received for which no guilty finding was entered;

2.   The reconsideration/review hearing held by the parole board was, in fact, a parole revocation hearing as Beatty had already been approved for parole.  However, Beatty was not afforded all of the procedural protections a parolee is entitled to at a revocation hearing; and

3.   The parole board acted without authority in reversing its original decision to authorize his parole, and thus, his continued incarceration is unconstitutional.

## Discussion

It is well-settled that a convicted person has no constitutional right to be conditionally released, on parole or otherwise, before the expiration of a valid sentence.  See Greenholtz v. Inmates of Neb. Penal & Corr. Complex, 442 U.S. 1, 7 (1979).  A valid conviction, with all its procedural safeguards, extinguishes that liberty right.  See id.; see also

Meachum, 427 U.S. at 224.  A right to parole under the Due Process Clause exists only if such right is created by State law. See Sandin v. Conner, 515 U.S. 472, 483-84 (1995); Hamm v. Latessa, 72 F.3d 947, 954-55 (1st Cir. 1995); Brooker v. Warden, No. 98-466-JD, 1999 WL 813893, at * 2 (D.N.H. June 22, 1999).

In New Hampshire, a convicted inmate has no State-created liberty interest in parole.  See Jago v. Van Curen, 454 U.S. 14, 19-21 (1981); Ainsworth v. Risley, 244 F.3d 209, 216-17 (1st Cir. 2001); Knowles v. Warden, 140 N.H. 387, 389, 666 A.2d 972, 974-75 (1995).  "In determining whether state law provides a protectable liberty interest in parole, federal courts are bound by the state's interpretation of applicable state law unless that construction or application violates federal law."  Brooker, 1999 WL 813893, at * 2.

The applicable New Hampshire parole laws are found in N.H. Rev. Stat. Ann. ("RSA") § 651-A.  The statute provides that:

> A prisoner may be released on parole upon the expiration of the minimum term of his sentence, [as adjusted by other statutory provisions], provided that there shall appear to the adult parole board, after having given the notice required in RSA 651-A:11, to be a reasonable probability that he will remain at liberty without violating the law and will conduct himself as a good citizen.  Any prisoner so released shall be given a permit by the board to be at liberty from

>       prison during the unexpired portion of the maximum
>       term of his sentence.

RSA 651-A:6, I (2007) (emphasis added).  Under authority provided by RSA 651-A:4, III, the parole board has adopted rules pertaining to parole policy as follows:

>       Parole shall be considered a privilege, something
>       to be earned rather than automatically given, and
>       any release prior to the maximum term shall be
>       made only upon careful and lawful consideration.
>       An inmate shall not be granted parole unless the
>       board finds a reasonable probability that the
>       inmate will remain at liberty without violating
>       any law and will conduct himself as a good
>       citizen, pursuant to criteria in [N.H. Code Admin.
>       R.] Par 301.02.

N.H. Code Admin. R. Par 301.02.

The New Hampshire Supreme Court has repeatedly held that the parole board has broad discretion in its parole decisions and that the Board is not mandated to grant parole to an inmate, although he may meet certain conditions or criteria.  See Knowles, 140 N.H. at 389, 666 A.2d at 974-75; Cable v. Warden, 140 N.H. 395, 398, 666 A.2d 967, 969 (1995); Baker v. Cunningham, 128 N.H. 374, 381, 513 A.2d 956, 960 (1986).  Simply put, "[t]he possibility of parole is not a right to liberty conferred by New Hampshire state law."  Brooker, 1999 WL 813893 at * 4.

Absent a constitutional right to parole, or a liberty

interest in the grant of parole, there is no constitutional due process violation for a denial of parole because there is no due process right to be granted parole.  See Greenholtz, 442 U.S. at 7; Brooker, 1999 WL 813893 at *4.  Accordingly, such a claim must be dismissed, as it is not cognizable in a federal habeas petition.

    Here, Beatty argues that the parole board's decision approving his parole granted him a liberty interest in being released on parole such that the parole decision could not be rescinded absent a full parole revocation hearing complete with the panoply of rights that a parolee attains once released from custody.  That is not the situation here.  The approval of Beatty's request for parole constituted only a conditional grant of parole.  See N.H. Code Admin. R. Par 401.04 ("The parolee's plan shall be forwarded to the supervising parole office for investigation and approval.  The executive assistant shall notify the inmate of any problems with the parole plan that shall be resolved prior to release.").  The petitioner may not be released on parole until the parole officer has the opportunity to investigate the petitioner's parole plan to determine its suitability and accuracy.  The petitioner acquires no liberty

interest in parole status until his parole plan is approved, and he is actually released from incarceration.

Beatty was not released on parole because his parole plan was not approved by his parole officer.  Pursuant to New Hampshire's administrative regulations, problems with the parole plan must be resolved before an inmate can be released on parole.  See id.  Beatty did not resolve the issues with his parole plan, and that is why he was not released on February 15, 2006.  He apparently failed to resolve the issue prior to October 26, 2006 when he is alleged to have been involved in an indecent exposure incident in the prison cafeteria that resulted in the issuance, if not the prosecution, of a disciplinary report.  Beatty argues that the alleged indecent exposure should not adversely impact him in any way because the disciplinary report generated after the incident was filed without a finding of guilty.

Nothing in the parole regulations, however, prevents the parole board from considering whether or not to revisit their previous grant of parole based on an inmate's behavior in custody, regardless of whether or not formal disciplinary action was taken against an inmate.  To the contrary, the parole regulations require the parole board to evaluate an inmate's

behavior during his custody when making a parole determination, whether or not that behavior resulted in a disciplinary report. Because Beatty's parole plan was rejected based on a problem with his residence, and that problem was not corrected or resolved, he did not receive parole, but remained in the custody of the prison.  The parole board properly exercised its authority to make decisions based on Beatty's institutional behavior during his incarceration.  Criteria to be considered by the parole board in making it's evaluation and deciding Beatty's ongoing suitability for parole include, among other things:

>     (a)  The inmate's personality, maturity, sense of responsibility, and any developments in personality which might promote or hinder the conformity to the law;
>
>     (b)  The appropriateness and adequacy of his parole plan, as determined by the supervising officer during the investigation requested by the board prior to release, including:
>
>     . . .
>
>         (2) The type of residence, neighborhood, and community in which the inmate intends to live and work;
>
>     . . .
>
>     (d) The inmate's criminal record, including the nature and circumstances of criminal activity, and the recency and frequency of previous offenses;

> . . .
>
> (h)   The inmate's conduct within the institution, <u>including, but not limited to</u>,
>
>> (1)   The disciplinary record during incarceration; and
>>
>> (2)   Evidence of self-improvement through the various institutional programs and, specifically programs which addressed problems or issues that contributed to the inmate's prior criminal activity.
>
> (I)   <u>Evaluations and recommendations received by the board from the department of corrections, courts, and relevant social service, mental health, and criminal justice agencies.</u>
>
> . . .

N.H. Code Admin. R. Par 301.01 (emphasis added).  The administrative regulations governing parole also identify the following situations in which denying parole to an inmate is mandatory:

> [T]he Board shall deny parole if, in the judgment of a majority of the hearing panel:
>
>> (a) There exists a reasonable probability that the individual will not conform to the conditions of parole and/or the laws of the state of New Hampshire;
>>
>> (b) Continued treatment, mental or psychological care, or vocational or other training within the institution would substantially improve the inmate's capacity to lead a law-abiding life upon release at a future date;
>
> . . .

10

>     (e) Lack of a parole plan that meets the criteria in
>     [N.H. Code Admin. R.] Par 301.02(b)(1)-(3).

N.H. Code Admin. R. Par 302.

Contrary to Beatty's assertion that the parole board lacked authority to rescind it's original authorization of his parole without providing him with the procedures attendant to a full parole revocation hearing, an examination of the regulations as a whole makes clear that the parole board is authorized to take a continuing role in evaluating the appropriateness of an inmate for parole at any time prior to his satisfaction of the conditions of his release.  Further, the regulations mandate that the parole board deny parole in a variety of situations, several of which are evident here.  Specifically: (1) Beatty never provided the parole board with a parole plan that contained an acceptable residence, and (b) DOC officials found, and the parole board agreed, that continued treatment in the sexual offender relapse program would substantially improve Beatty's chance of maintaining parole status successfully once he was released.

Section 2254 confers jurisdiction on this Court to issue "writs of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court . . . on the ground that he is in custody in violation of the Constitution or laws or treaties

11

of the United States." 28 U.S.C. § 2254(a). Because Beatty has neither a liberty interest in being granted parole, nor a liberty interest in being released upon the parole board's conditional authorization of parole, he has failed to allege that he ever achieved parole status, and thus, that he ever obtained the liberty interest that attaches to actually being released on parole. I find that Beatty's challenge is in fact a challenge to the denial of his parole. Such a claim is not cognizable in a federal habeas action, and accordingly, the petition is dismissed.

    **SO ORDERED.**

                                              /s/ James R. Muirhead
                                              James R. Muirhead
                                              United States Magistrate Judge

Date:     May 13, 2008

cc:       James W. Dennehy, Esq.